Randall A. Peterman, ISB No. 1944
Alexander P. McLaughlin ISB No. 7977
GIVENS PURSLEY LLP
601 West Bannock Street
Post Office Box 2720
Boise, Idaho  83701
Telephone  (208) 388-1200
Facsimile  (208) 388-1300
rap@givenspursley.com
alexmclaughlin@givenspursley.com
014668-0002

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>FARMERS GRAIN, LLC,<br><br>　　　　　Debtor. | Case No. 17-00450-TLM<br>Chapter 7 |
| NOAH G. HILLEN, Trustee,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PETERSON FARMS OF NYSSA, INC.,<br><br>　　　　　Defendant. | Adversary No. 19-06015-TLM |

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW Peterson Farms of Nyssa, Inc. ("Defendant") and files this Amended Answer to the First Amended Complaint ("Complaint") filed by Chapter 7 trustee Noah G. Hillen ("Trustee"), as follows.

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT  - 1**　　　　　　　　　　　　　　　14719092.1

### I. RULE 7008 AND RULE 7012(b) STATEMENT OF DEFENDANT

As to Rule 7008 and Rule 7012(b) of the Rules of Bankruptcy Procedure, Defendant alleges that this adversary proceeding relates to the case of *In re Farmers Grain, LLC,* Case No. 17-00450-TLM, filed in the United States Bankruptcy Court, District of Idaho. Defendant admits that this action is to void an alleged preferential transfer is a core proceeding. Defendant consents to entry of a final order or judgments by the bankruptcy judge.

### II. RESPONSES TO TRUSTEE'S COMPLAINT

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint and asserts that it is an Oregon corporation.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant is without sufficient information as to the allegations contained in paragraph 5 of the Complaint and therefore denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT - 2**                    14719092.1

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

### III. AFFIRMATIVE DEFENSES

**FIRST DEFENSE**     RULE 12(b)(6) Motion to Dismiss

Trustee's Complaint fails to state a claim upon which relief can be granted pursuant to Bankruptcy Rule 7012.

**SECOND DEFENSE**     Preference

The transfer of money or property which Trustee seeks to void as a preference does not constitute a payment made on or within 90 days before the date of the filing of the petition.

**THIRD DEFENSE**     Preference

The transfer of money or property which Trustee seeks to void as a preference does not enable Defendant to receive more than it would receive if the case were a case under Chapter 7, the transfer had not been made, and Defendant received payment of such debt to the extent provided by the Bankruptcy Code.

**FOURTH DEFENSE**     Preference

The transfer of money or property which Trustee seeks to void as a preference was (a) intended by the Debtor and Defendant to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the Debtor and (b) was, in fact, a substantially contemporaneous exchange.

**FIFTH DEFENSE**     Preference

The transfer of money or property which Trustee seeks to void as a preference was made to or for the benefit of Defendant, to the extent that, after such transfer, Defendant, gave new value to or for the benefit of the Debtor (a) not secured by an otherwise unavoidable

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT  - 3**                                14719092.1

security interest and (b) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### SIXTH DEFENSE    Preference

The transfer of money or property which Trustee seeks to void as a preference was a transfer to or for the benefit of Defendant, to the extent that, after such transfer, Defendant, gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable transfer to or for the benefit of Defendant.

### SEVENTH DEFENSE    Preference

The transfer of money or property which Trustee seeks to void as a preference is subject to setoff, offset, or recoupment.

### EIGHTH DEFENSE    Oregon Revised Statutes Sections 87.705 and 87.755

Plaintiff's complaint is barred pursuant to certain provisions of Oregon law because Defendant was a secured creditor at the time of the alleged preferential transfer pursuant to ORS § 87.755 and/or ORS 87.705, and related statutes.

### NINTH DEFENSE    Preference

The transfer of money or property which Trustee seeks to void as a preference was (a) in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor, (b) made in the ordinary course of business or financial affairs of the Debtor and Defendant, or (c) made according to ordinary business terms.

### IV.    REQUEST FOR ATTORNEY'S FEES

Defendant has been required to retain legal counsel to defend against the Trustee's Complaint. Defendant requests an award of the costs and attorney's fees he incurs in defending against this action, pursuant to Idaho Code §§ 12-120 and 12-121.

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT - 4**                    14719092.1

## V.    RESERVATION

This case has only recently been initiated.  Therefore, Defendant reserves, among other things, the right to amend this pleading and assert any additional claims, counterclaims, cross-claims or defenses available.

## VI.    PRAYER

WHEREFORE, Defendant prays for the following relief:

1. That Trustee's Complaint be dismissed and Trustee take nothing;

2. An award of the reasonable costs and fees, pursuant to Idaho Code §§ 12-120 and 12-121, and any other application provision, incurred in defending against Trustee's claims; and

3. For such further relief as this court deems just and equitable.

DATED this 28th day of June, 2019.

GIVENS PURSLEY LLP


By /s/ Randall A. Peterman
Randall A. Peterman – Of the Firm
Attorneys for Defendant

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT  - 5**    14719092.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of June, 2019, I filed the foregoing **AMENDED ANSWER TO FIRST AMENDED COMPLAINT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Jed W. Manwaring**
jmanwaring@evanskeane.com
valerie@evanskeane.com


　　　　　　　　　　　　　　　　　　　　*/s/ Randall A. Peterman*
　　　　　　　　　　　　　　　　　　　　Randall A. Peterman

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT  - 6**　　　　　　14719092.1