Randall A. Peterman, ISB No. 1944
Melodie A. McQuade, ISB No. 9433
GIVENS PURSLEY LLP
601 West Bannock Street
Post Office Box 2720
Boise, Idaho  83701
Telephone  (208) 388-1200
Facsimile  (208) 388-1300
rap@givenspursley.com
melodiemcquade@givenspursley.com
014668-0002

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>FARMERS GRAIN, LLC,<br><br>    Debtor. | Case No. 17-00450-TLM<br>Chapter 7 |
|---|---|
| NOAH G. HILLEN, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>PETERSON FARMS OF NYSSA, INC.,<br><br>    Defendant. | Adversary No. 19-06015-TLM |

**STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS IN OPPOSITION TO TRUSTEE'S MOTIONS FOR SUMMARY JUDGMENT**

    COMES NOW Defendant Peterson Farms of Nyssa, Inc. ("Defendant"), by and through its counsel of record, Givens Pursley LLP, and hereby submits this Statement of Disputed and Undisputed Material Facts in Opposition to Trustee's Motions for Summary Judgment.

**STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS IN OPPOSITION TO TRUSTEE'S MOTIONS FOR SUMMARY JUDGMENT - 1**

Pursuant to Local Bankruptcy Rule 7056.1, Defendant responds to each of the numbered paragraphs of Plaintiff Trustee's Statement of Undisputed Facts (CR 31) as follows:

1. While Defendant does not have personal knowledge of Farmers Grain, LLC's ("Farmers Grain") exact dates of operation, it is undisputed that Farmers Grain operated a grain storage facility at all times relevant to this adversary action. *See* Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment (CR 24) ("Defendant Facts"), ¶ 1. As to the petition and conversion dates, such facts are undisputed by Defendant.

2. While Defendant does not have personal knowledge of Farmer's Grain's general delivery volume, it is undisputed that Farmers Grain operated a grain storage facility at all times relevant to this adversary action. *See* Defendant Facts, ¶ 1. Defendant does not dispute the general timeframes for the harvest of Soft White Wheat in Southwest Idaho and Eastern Oregon.

3. Defendant disputes the facts set forth in this paragraph in part. The facts set forth in paragraph 3 relate to Farmers Grain's operations generally, and farmers generally. The facts are supported only by citation to paragraphs 5 and 6 of Plaintiff's Declaration of Chester Millsap, which do not mention Defendant, the harvest year at issue, the wheat at issue in this adversary action, the corresponding payment to Defendant, or the parties' payment agreement with respect to the wheat at issue. In contrast, Defendant has sent forth (at length) the relevant facts with respect to Defendant, the particular wheat at issue, the parties' storage and later sale agreement for that wheat, and the corresponding payment. *See* Defendant Facts, ¶¶ 1-30. Thus, to the extent that paragraph 3 is meant to implicate Farmers Grain's dealings with Defendant or the specific transactions at issue in this case, Defendant disputes any such implication based on the record submitted by Defendant. *Id.*

4. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

5. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

6. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

7. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

8. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

9. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

10. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

11. The facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

12. Defendant disputes the facts set forth in this paragraph in part. Defendant disputes the tonnage of Wheat identified by the Trustee. The Final Scale Ticket Settlement Statement shows that Defendant delivered 1,524.88 tons of Wheat. *See* Declaration of Robert Peterson (CR 26), Ex. B. Defendant does not dispute the remainder of the paragraph.

13. Defendant does not dispute the facts set forth in this paragraph.

14. As to the check applicable to Defendant, this paragraph is undisputed. As to the remaining checks identified, the facts set forth in this paragraph do not apply to Defendant and thus Defendant takes no position on these facts.

15. Defendant disputes the facts set forth in this paragraph in part. Defendant does not dispute that Defendant did not file a notice of claim of lien pursuant to O.R.S. § 87.762. Defendant takes no position on the facts related to whether other defendants in other adversary actions filed notices of claims of lien. As to the remaining allegations in the paragraph, they are legal arguments, not facts to which a response is required herein.

16. As these facts relate to Defendant, Defendant does not dispute the facts set forth in this paragraph.

Defendant further states that Defendant addressed only the assertions stated in the Trustee's Statement of Undisputed Facts as required by Local Bankruptcy Rule 7056.1, and nothing herein should be construed to admit any asserted facts contained in the Trustee's declarations which were not included within the Trustee's Statement of Undisputed Facts.

DATED this 29th day of January, 2020.

GIVENS PURSLEY LLP

By  /s/ Randall A. Peterman
   Randall A. Peterman – Of the Firm
   Melodie A. McQuade – Of the Firm
   Attorneys for Defendant

**STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS IN OPPOSITION TO TRUSTEE'S MOTIONS FOR SUMMARY JUDGMENT - 4**

14985987.1

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 29th day of January, 2020, I filed the foregoing **STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS IN OPPOSITION TO TRUSTEE'S MOTIONS FOR SUMMARY JUDGMENT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Jed W. Manwaring**
jmanwaring@evanskeane.com
valerie@evanskeane.com

                                            */s/ Randall A. Peterman*
                                            Randall A. Peterman